UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FRANK KRASNER ENTERPRISES, LTD.,
d/b/a Silverado Gun Show, d/b/a
Silverado Promotions; RSM,
INCORPORATED, d/b/a Valley Gun &
Police Supply; ROBERT D. CULVER,
Individually and Member of
Montgomery Citizens for a Safer
Maryland,
                    *Plaintiffs-Appellees,*

                v.

MONTGOMERY COUNTY, MARYLAND,                    No. 01-2321
                    *Defendant-Appellant.*

THE VIOLENCE POLICY CENTER; THE
NATIONAL ASSOCIATION OF ARMS
SHOWS; MARYLANDERS AGAINST
HANDGUN ABUSE, INCORPORATED;
ATTORNEY GENERAL FOR THE
STATE OF MARYLAND,
                    *Movants.*

THE STATE OF MARYLAND,
        *Amicus Supporting Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-01-1831-MJG)

Argued: February 27, 2003

Decided: April 1, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Judson Paul Garrett, Jr., Principal Counsel for Opinions and Advice, Rockville, Maryland, for Appellant. Jonathan Paul Kagan, BRASSEL & BALDWIN, P.A., Annapolis, Maryland, for Appellees. **ON BRIEF:** Charles W. Thompson, Jr., County Attorney, Marc P. Hansen, Chief, General Counsel Division, Karen L. Federman Henry, Principal Counsel for Appeals, Clifford L. Royalty, Associate County Attorney, Rockville, Maryland, for Appellant. Alexander J. May, Jennifer M. Alexander, BRASSEL & BALDWIN, P.A., Annapolis, Maryland, for Appellees. J. Joseph Curran, Jr., Attorney General of Maryland, Robert A. Zarnoch, Assistant Attorney General, Kathryn M. Rowe, Assistant Attorney General, Annapolis, Maryland, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Montgomery County, Maryland appeals from the district court's judgment for Frank Krasner Enterprises, Ltd. (d/b/a Silverado Promotions and Silverado Gun Show), RSM, Inc. (d/b/a Valley Gun and Police), and Robert D. Culver (collectively, Appellees). Montgomery County argues that the district court erred in resolving the case on the merits without addressing its challenge to Appellees' standing and that, even if Appellees have standing, we should certify the novel question of state law at issue in this case to the Court of Appeals of Maryland, pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 12-603, 12-605 and 12-606 (2002). Whether Appellees, plaintiffs below, have

standing to sue is a threshold jurisdictional question. A federal court may not proceed to the merits of a case before resolving whether the court has Article III jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). Because the district court did not address the standing issue, we vacate the district court's judgment and remand with instructions to determine whether each of the Appellees has standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992) (holding that where "[t]he existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict, . . . it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury" (internal quotation marks and citations omitted)).

Because we vacate the district court's judgment, we do not reach the certification question. On remand, if it determines that any Appellee has standing, the district court remains free to certify the state law issue to the Court of Appeals of Maryland.

*VACATED AND REMANDED WITH INSTRUCTIONS*